IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILLIAM E. DEKLE,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV211-185

ANTHONY HAYNES; R. E. HOLT;
ROBIN GLADDEN; and ERIC HOLDER,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). A plaintiff proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Reform Litigation Act ("PLRA"), 28 U.S.C. § 1915. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that Defendant Haynes, the Warden at FCI Jesup, made the 10:00 p.m. count a standing count. Plaintiff asserts that changing this count to a standing count does not allow him to have eight (8) hours of uninterrupted sleep and constitutes an inhumane condition of confinement. Plaintiff also asserts that this new count policy was not promulgated pursuant to the Administrative Procedures Act. Plaintiff alleges that he filed an administrative remedy and subsequent appeals regarding this issue, but Defendants Holt, Gladden, and Holder delayed responding to his grievances, in violation of his right to due process.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the health and safety of prison inmates. This duty to safeguard embodies the principle requiring prison officials to provide inmates with humane conditions of

AO 72A
(Rev. 8/82)

confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313,1319 (11th Cir. 2005). Plaintiff has failed to establish even a plausible claim for relief under the Eighth Amendment.

Section 702 of Title 5 of the United States Code provides, in relevant part, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Plaintiff cannot sustain a cause of action pursuant to 5 U.S.C. § 702, as he fails to set forth any facts which establish he suffered a legal wrong or was otherwise adversely affected by the new count policy.

"The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F. 3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. AMEND. XIV). The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the government has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1290-91 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Plaintiff fails to establish that his right to due process was violated.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** due to his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 20th day of December, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)